Dear Mr. Davis:
Reference is made to your recent request, on behalf of Nicholls State University, for an opinion of this office regarding the legality of the use of public funds to pay for three proposed University functions: (1) a twice yearly breakfast for retirees of the University, (2) a function or event for faculty spouses, and (3) a Christmas gumbo for all University employees and retirees. You advise that the University believes these functions could be of benefit to the University, by fostering the flow of useful information between the University, its President and event attendees; allowing attendees' interaction with the University President and the opportunity for the President and the University to seek advice and input from retirees and spouses; and affording complete interaction of the University's entire workforce and former employees.
The issues presented by your request must be addressed in light of the provisions of La. Const. (1974) Art. VII, Sec. 14, which contains the constitutional standard for the lawful use of public funds and property.La. Const. Art. VII, Sec. 14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private.
This office has long recognized the caution which must be exercised in the expenditure of public funds. Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art.VII, Sec. 14, as set forth in City of Port Allen v. Louisiana Mun. Risk,439 So.2d 399 (La. 1983), wherein the Court states: " this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is the threshold predicate for the constitutionality of an expenditure or use; it is not, however, the only predicate. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. AttorneyGeneral's Opinion No. 90-63. See also: Attorney General's Opinions Nos.02-0125; 01-0389.
Although your correspondence sets forth a number of benefits which the University believes will be derived from the proposed functions, you did not note, nor is this office is aware of, any legal obligation or authority that has been placed upon the University which would require the University to utilize public funds for events and functions such as you have described.
The Office of the Attorney General has historically opined that in general, the payment or reimbursement for food, drink, or the expenses associated with luncheons, banquets, parties or similar functions, from public funds, is improper under La. Const. Art. VII, Sec. 14.Pertinently, Attorney General's Opinion No. 94-115
determined that the Parish of St. Charles could not fund a Civil Service Awards luncheon. Also pertinent areAttorney General's Opinion Nos. 91-589-A and 76-1680, both of which determined that public funds can not be utilized to defray the cost of Christmas parties for public employees. We also direct your attention toAttorney General's Opinion Nos. 96-159. That opinion, as well as No. 76-1680, previously cited herein, provides that public funds cannot be utilized for payment of expenses associated with banquets for public retirees. Similarly, Attorney General's Opinions Nos.93-359 and 83-329 determined that that the expenditure of public funds for meals, lodging or expenses of spouses of University officials and employees is prohibited by La. Const. Art. VII, Sec. 14. See also:Attorney General's Opinions No. 90-519 and 80-154.
Based upon the foregoing and in accordance with the legal authorities and opinions cited herein, we are constrained to advise that Nicholls State University cannot use public funds for the events and functions which are the subject of your request, i.e., a twice yearly breakfast for retirees of the University, a function or event for faculty spouses, and a Christmas gumbo for employees and retirees.
We trust the foregoing to be helpful. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam